IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN W. MANN,

    Plaintiff,

v.                                                         CASE NO. 5:15-cv-126-MP-GRJ

RICHARD L MEUTH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections at Holmes C.I., initiated this case by filing an "emergency complaint" pursuant to 42 U.S.C. § 1983, a motion for preliminary injunctive relief, and a motion for leave to proceed as a pauper. Docs. 1, 2, 3. For the following reasons, the undersigned recommends that this case be dismissed as barred by the three-strikes provision of 28 U.S.C § 1915(g).

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit has already designated Plaintiff as a "three-striker," finding on January 15, 2013 that he had at least five prior civil appeals dismissed as frivolous. *Mann v. Johnson/Mann v. Doctor*, Case Nos. 12-13134-DD and 12-13372-DD (11th Cir. 2013.) Plaintiff has also brought actions while incarcerated that were dismissed in various district courts on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Mann v. Churchwell*,

Case No. 5:13-cv-175-WS-EMT (N.D. Fla. 2013) (dismissing for abuse of the judicial process); *Mann v. McNeil*, 5:08-cv-473-WTH-GRJ (M.D. Fla. 2009) (dismissing for failure to state a claim); *Mann v. Smith,* 5:10-cv-268-CEH-DNF (M.D. Fla. 2010) (dismissing pursuant to 28 U.S.C.§ 1915A(b)(1)); *Mann v. Busk*, 2:11-cv-14423-KMM (S.D. Fla. 2012) (dismissing for failure to state a claim).[1]  This Court has also imposed the three-strikes bar against Plaintiff.  *See Mann v. Warden*, Case No. 5:14-cv-78-RS-GRJ (4/14/14); *Mann v. Meuth*, Case No. 5:14-cv-79-RS-GRJ (4/16/14).

Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent

---

[1]Plaintiff failed to disclose the majority of his previous federal litigation.

danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Based upon a review of the Complaint as a whole, the Court is not persuaded that Plaintiff's claims are sufficient to overcome the three-strikes bar.  First, the Complaint is a classic example of a "shotgun" pleading asserting a litany of complaints over a lengthy span of time.  Plaintiff claims that prison officials disregard and/or tamper with his grievances and have improperly responded to his grievances.  Plaintiff contends that Defendant Davis deliberately "caused him pain" by making him carry his own property bags rather than allowing another inmate to carry them and by making him stand on crutches for a long period of time while awaiting food service.  He also alleges that Defendant Davis verbally threatened to lock him up for lying to staff.  He alleges that Davis threatened to gas him and "dragged" him sometime in the fall of 2014, and threatened to charge Plaintiff with assault.  Plaintiff alleges that he has been subjected to three falsified disciplinary reports for major disciplinary infractions, which will likely result in his placement in close management.  He alleges that he has been denied the use of a wheelchair for showering.  He contends that he was assaulted by another inmate, resulting in a broken tooth.   Plaintiff alleges that he is currently "trying to go back to a protective unit" and that such action could be a remedy to his Complaint.   Doc. 1.

Even if any of these claims were deemed sufficient to assert an Eighth Amendment claim, the Complaint as whole clearly runs afoul of Fed. R. Civ. P. 20(a)(2) governing misjoinder of defendants and claims.  Further, the face of the Complaint reflects that Plaintiff is presently seeking administrative relief regarding his claims, in the

form of a request for placement in protective custody. Plaintiff must exhaust the administrative remedy process before seeking such relief in this Court, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Lastly, Plaintiff's claims either pertain to past harms or do not reflect the type of real and proximate threat of immediate serious physical injury necessary to overcome the three-strikes bar.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 12th day of June 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.